■ ROBERT L. CAHN et al., Respondents, v. DANIEL RAIMONDA et al., Defendants, and JOSEPH GUTTMAN, Appellant.— In an action to recover damages *inter alia* for alleged malicious prosecution, defendant Joseph Guttman appeals from an order of the Supreme Court, Suffolk County, entered January 24, 1972, which, in granting his motion to dismiss the complaint as against him, pursuant to CPLR 3216 and for unreasonably neglecting to prosecute the action, did so only conditionally, i.e., in the event plaintiffs failed to serve the original executed transcript of the pretrial deposition of plaintiff Robert L. Cahn, together with a note of issue, within a stated period of 60 days. Order modified, in the exercise of discretion, by striking from the decretal paragraph everything following the words that the motion is " granted in all respects ". As so modified, order affirmed, with $20 costs and disbursements to appellant. Plaintiffs did not comply with the 45-day notice provision of CPLR 3216 and also failed to establish a justifiable excuse for the delay in prosecuting the action, which was commenced in 1967 (*Jacobs* v. *Chemical Bank of N. Y. Trust Co.*, 38 A D 2d 701; *De Masi* v. *Carrozza*, 38 A D 2d 586). Nor did they submit an affidavit from either plaintiff Robert L. Cahn or his physician, deposing the facts and limitations concerning his alleged illness during the two-year period of inactivity (*Maestros* v. *Huntington Sta. Food Shop*, 41 A D 2d 774). Moreover, no affidavit of merits was submitted (*Keating* v. *Smith*, 20 A D 2d 141, 141–42; *Sortino* v. *Fisher*, 20 A D 2d 25, 32). Accordingly, it was an improvident exercise of discretion not to have unconditionally granted the motion to dismiss. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ JOHN J. CERRONE, Respondent, v. EDWARD T. CHAPPELL et al., Appellants.— In an action to recover damages for breach of an alleged contract of employment, defendants appeal from: (1) an order of the Supreme Court, Westchester County, dated December 5, 1972, which declared moot their motion to modify plaintiff's notice to take their depositions before trial by striking therefrom the names of certain individuals therein designated to appear on behalf of defendant Tuck Industries, Inc., and granted plaintiff's cross motion to compel defendants to submit to examination before trial; and (2) as limited by their brief, from so much of an order of the same court, dated January 22, 1973, denying defendants' cross motion for a stay and plaintiff's motion to strike defendants' answer for failure to appear for examination, which imposed conditions, requiring defendants to appear for examination on a day certain, as previously ordered, and directing defendants' attorneys to pay $100 counsel fees to plaintiff's attorneys by said date. Order, dated December 5, 1972, affirmed, without costs. Order, dated January 22, 1973, modified by striking therefrom the provision that defendants' attorneys pay $100 counsel fees to plaintiff's attorneys; as so modified, order affirmed, without costs. The examinations before trial shall proceed at the place set forth in the orders under review, at a time to be fixed by plaintiff in written notice of not less than 10 days, or such other time and place as may be agreed upon by the parties. Under the special circumstances of this case, discretion was properly exercised at Special Term in denying to defendants the affirmative relief they sought. However, we find no warrant for the imposition of a $100 payment on the part of defendants' attroneys. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.